IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

Charles Eugene Mitchell, III,

    Plaintiff,

v.

Capt. Scott Harwell, In His Individual
Capacity; and

Detective John Doe, In His Individual
Capacity; and

Others as-yet unknown, In Their Individual
Capacities,

    Defendants.

Case No. CIV-23-220-HE

**JURY TRIAL DEMANDED**

## **COMPLAINT**

COMES NOW, Plaintiff, Charles Eugene Mitchell, III, by and through his counsel of record, Bill Noelker, and for this cause of action against the above-named individual defendants, Capt. Scott Harwell, Detective John Doe, and Others as-yet unknown, hereby alleges and complains for judgment pursuant to 42 U.S.C § 1983, arising out of his unlawful arrest and incarceration on account of plaintiff being wrongfully named a suspect in a homicide.

### Introduction

1. This action is brought pursuant to 42 U.S.C § 1983 enacted to redress the deprivation of Plaintiff's constitutionally protected rights under color of state law.

2. This court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C § 1391(b)(2) because Plaintiff's unlawful arrest and incarceration are a substantial part of the events giving rise to this claim, and they occurred in the Western District of Oklahoma.

4. The events complained of are a continuous course of action conducted under color of state law from November 2022 through February 2023.

5. In order of occurrence: negligent investigation, negligently obtained arrest warrant, unlawful arrest, negligent secondary investigation, unlawful incarceration, and negligent failure to withdraw the arrest warrant.

## Parties

6. At all times relevant to this controversy, Plaintiff is and was a resident of Moore, Cleveland County, State of Oklahoma.

7. At all times relevant to this controversy, defendant Capt. Scott Harwell is believed to be a resident of Union County, Arkansas, and a member of the El Dorado Police Department.

8. At all times relevant to this controversy, defendant Detective John Doe is believed to be a resident of Union County, Arkansas, and a member of the El Dorado Police Department.

9. Other unknown persons participated in the deprivation of Plaintiff's constitutionally protected rights, failed to remedy a known violation and/or exhibited deliberate indifference by failing to act on information indicating that violations were occurring.

10. All the individual defendants' acts or omissions described in this complaint deprived Plaintiff of rights protected by the U.S. Constitution and were committed under color of state law.

## Factual Allegations

11. Plaintiff is a black man with braids in his 30s, married with children and employed at an assisted living facility in southwest Oklahoma City.

12. Plaintiff is also a rap artist that goes by the nickname "Trey."

13. There was a shooting homicide in El Dorado, Arkansas on November 5th, 2022.

14. On November 9th, 2022, The Northwest Arkansas Democrat Gazette reported that "[t]hrough interviews with witnesses and surveillance video footage in the area, investigators were able to identify Carter as a suspect shortly after the shooting occurred, said Capt. Scott Harwell of the Criminal Investigative Division." "Carter and Mitchell had been identified as suspects during the El Dorado police investigation into the shooting, and arrest warrants were issued for both men on charges of capital murder, aggravated residential burglary, possession of a firearm by certain persons and penalty enhancements for engaging in violent criminal group activity and for felony with a firearm."

https://www.nwaonline.com/news/2022/nov/09/2-arrested-in-shooting-of-el-dorado-man/.

15. On November 10, 2022, the Camden News reported that "[t]wo Oklahoma men have been arrested for capital murder and other felony charges in connection to the fatal shooting of an El Dorado man last weekend." *https://www.camdenarknews.com/news/2022/nov/10/2-arrested-in-el-dorado-weekend-shooting/*. "**Carter and Mitchell had been identified as suspects during the EPD investigation into the shooting** and arrest warrants were issued for both men on charges of capital murder, aggravated residential burglary, possession of a firearm by certain persons and penalty enhancements for engaging in violent criminal group activity and for felony with a firearm." *Id (empahsis added)*. "Harwell said EPD investigators **confirmed Mitchell's identity** Tuesday and an hour after an arrest warrant was signed and issued by a local judge, the OCPD, with assistance from the U.S. Marshals Fugitive Task Force, took Mitchell into custody in Oklahoma City. Harwell said Mitchell had ridden to El Dorado with Carter, adding, 'I'm not aware of any (familial) relation (**between Mitchell and Hill**). We do know they are known **associates** of each other.'" *Id. (emphasis added).*

16. The arrests resulted from a collaboration between several law enforcement agencies.

3

who assisted the El Dorado Police Department in its investigation.

17. The El Dorado News-Times reported on November 24th, 2022, "[t]his week, Capt. Scott Harwell, of the EPD's Criminal Investigative Division, reported that Mitchell has been released without any charges and another Oklahoma man has been arrested in the slaying. Police had said that Mitchell traveled with Carter to El Dorado and after investigators **confirmed his identity**, he was taken into custody by Oklahoma authorities." *https://www.eldoradonews.com/news/2022/nov/24/one-released-another-arrested-in-fatal-shooting/ (emphasis added)*. Harwell was quoted as saying "We were able to **prove** that (Mitchell) was in Oklahoma when the shooting occurred,". *Id. (emphasis added)*. He went on to report that "[c]redit card receipts and surveillance video from two stores in the Oklahoma City metropolitan area verified Mitchell's whereabouts at the time of the shooting, … and that Mitchell was released last week ... There was no question that he was in Oklahoma City and not here," *Id.*

18. The article went on to state that "[u]pon further investigation, EPD detectives received information about another potential suspect, an Oklahoma man who they said closely resembles Mitchell and is a known associate of Carter's. Tyrae T. Threats, 27, was arrested early Tuesday morning by the OCPD on a warrant to avoid flight to Union County (Arkansas) and unrelated charges of second-degree burglary and allowing prostitution on premises. Harwell said he received word that Threats was in custody two hours after the OCPD was notified that a warrant had been issued for his arrest. Harwell explained that Threats's first name is pronounced 'Trey' and Mitchell's nickname is 'Tray.' He also said both men have the name – 'spelled in its respective variations -- tattooed on their chests.'" *Id.*

19. Based on the reporting by the Eldorado News and Gazette even on November 24th, 2022, after Plaintiff was released from the Oklahoma County Jail Capt. Scott Harwell was still confused as to which nickname belonged to which person. Plaintiff's nickname is "Trey" not "Tray".

20. Plaintiff believes that Capt. Scott Harwell and other unknow defendants obtained video of the shooting and identified two potential suspects. They received information that a "Trey" or "Tray" was the second shooter and that based on the video the second suspect was black with braided hair. Capt. Scott Harwell and others then did a quick social media search and found out that "Trey" Mitchell was black, a social media friend of the main suspect and had braided hair. Without doing any further investigation Capt. Scott Harwell and other unknown defendants negligently jumped to the conclusion that he must be the second shooter.

21. With nothing more to demonstrate that Plaintiff was guilty, defendant Capt. Scott Harwell and others swore out a recklessly negligent probable cause affidavit, containing recklessly inaccurate information regarding Plaintiff, then presented an affidavit containing false facts to a judge in Union County Arkansas who issued a warrant for Plaintiff's arrest.

22. Acting on the recklessly and negligently obtained warrant, U.S. Marshalls, and members of the Moore Police Department converged on Plaintiff's place of work to arrest him.

23. On November 8, 2022, Plaintiff was unlawfully arrested at gunpoint by members of the Moore Oklahoma Police Department at his place of work in full view of his co-workers.

24. At no time during his arrest and initial detention was Plaintiff told the date of the homicide or asked about his whereabouts on the day of the homicide.

25. Plaintiff remained incarcerated at the Oklahoma County Jail for three days.

26. When extradition to Arkansas was iminent Plaintiff was finally informed of the date of the homicide and with the help of family members and friends was able to obtain video of himself at a liquor store in Oklahoma on the day and time of the homicide.

27. After producing this exculpatory evidence, Plaintiff was then released.

28. As a direct and proximate result of his unlawful arrest and incarceration plaintiff has suffered lost wages.

29. As a direct and proximate result of the trauma from his unlawful arrest and incarceration, plaintiff has suffered and continues to suffer from anxiety, PTSD, depression, anger, insomnia, and nightmares.

30. Det. Scott Harwell and others failed to withdraw the negligently obtained arrest warrant and on February 22, 2023, the Plaintiff was pulled over for an inoperable turn signal. He was approached at gun point by several members of the Moore Police Department, handcuffed, and arrested. He was not released until the officers verified that he was no longer a suspect. Once again Plaintiff was traumatized by an illegal search and seizure of his person.

31. Plaintiff is currently being treated for his mental health issues and has begun counseling and has been diagnosed with Generalized Anxiety Disorder and Post Traumatic Stress Disorder-Acute as a direct and proximate cause of these unlawful searches and seizures.

**Plaintiff's Cause of Action against all the Individual Defendants and Others as yet unknown, inclusive, for Violation of Civil Rights pursuant to 42 U.S.C § 1983**

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though set forth in full herein.

33. This action arises under the U.S. Constitution, particularly, under the Fourth, Fifth and Fourteenth Amendments, and under federal law, particularly, the Civil Rights Act, 42 U.S.C. § 1983.

34. As set forth in the facts stated herein, Plaintiff's arrest and incarceration were without legal justification, because probable cause was established by recklessly, negligently, or intentionally failing to investigate relevant facts by the individual defendants.

35. As set forth in the facts stated herein, Plaintiff's subsequent detention was without legal justification, because probable cause was established by recklessly, negligently, or intentionally failing to withdraw the warrant by the individual defendants.

36. At all times relevant to this controversy, the acts or omissions of the individual defendants were committed under color of state law.

37. The acts or omissions of the individual defendants violated Plaintiff's clearly established and well-known constitutional rights to be free from the unreasonable and unlawful seizure of his person granted to him by the Fourth and Fourteenth Amendments to the U.S. Constitution.

38. The acts or omissions of the individual defendants violated Plaintiff's clearly established and well-known constitutional rights to be free from the deprivation of his liberty without due process of law granted to him by the Fifth and Fourteenth Amendments to the U.S. Constitution.

39. As a direct and proximate result of the acts or omissions of the individual defendants, plaintiff has suffered economic and non-economic damages, including lost wages and benefits, mental anguish and emotional distress, humiliation, embarrassment, damage to his reputation, inconvenience, loss of enjoyment of life, and other nonpecuniary losses, all to his detriment and damage in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

## Request for Relief

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor for:

1. Compensatory damages;
2. Punitive damages;
3. Attorneys' fees;
4. Costs; and
5. Other relief deemed just and appropriate.

## Jury Demand

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated this 9th day of March 2023.

Respectfully Submitted,

s/ Bill Noelker
Bill Noelker, OBA #34599
SELF LEGAL GROUP
1224 Southwest 104th Street, Suite A
Oklahoma City, OK 73139
T: (405) 378-2000 | F: (405) 378-2059
bill@selflegalgroup.com
*Counsel for plaintiff*